UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT R. RING,  No. 10-14779

                         Debtor(s).
_____/

GONSALVES & STRONK CONSTRUCTION
 CO., INC.,

                         Plaintiff(s),

    v.  A.P. No. 11-1059

ROBERT R. RING,

                         Defendant(s).
_____/

Memorandum on Motion for Partial Summary Judgment
_____

      Chapter 7 debtor and defendant Robert Ring was the sole shareholder of General Development Industries, Inc.["GDI"]. Prior to Ring's bankruptcy GDI entered into a contract with plaintiff Gonsalves and Stronk Construction, Inc., to act as a subcontractor on a construction project. The contract between GDI and plaintiff provided that "any monies paid by [plaintiff] to [GDI] under the terms of this agreement shall be impressed with a trust in favor of labor and materials suppliers furnishing labor and material to [GDI] on the work covered by this agreement."

      Plaintiff seeks a determination that its claim against Ring is nondischargeable on account of

1

defalcation in a fiduciary capacity pursuant to § 523(a)(4) of the Bankruptcy Code. This claim is based on two dubious points of law: that the contract term, by itself, is sufficient to create a present, enforceable trust; and, if it is, that Ring can personally be determined to be the trustee on an alter ego theory. Plaintiff has moved the court for partial summary judgment on the issue of whether the contract language is sufficient to create liability under § 523(a)(4).

It has long been the law in this circuit that contractors are not liable under § 523(a)(4) for failure to apply construction funds to subcontractors. *In re Pedrazzini,* 644 F.2d 756, 758 (9th Cir. 1981). Plaintiff's sole authority for the sufficiency of its contract provision, which plaintiff argues makes *Pedrazzini* inapplicable and establishes the law on the issue, is *In re Gonzales,* 22 B.R. 58 (9th Cir. BAP 1982). However, this case does nothing of the sort.

In *Gonzales*, the debtor (perhaps in ignorance of *Pedrazzini*) conceded that the contract term was sufficient to create liability under § 523(a)(4). Thus, the issue was not before the Appellate Panel and was not decided. The issue is therefore open if plaintiff has nothing more to cite to the court.

The present motion was filed on the eve of trial, and does not seek complete summary judgment. Under these circumstances, the court may exercise discretion to deny the motion and decide the issues at trial. 28 **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:572. Since the court does not have time to fully research the matter, and since it will be moot if Plaintiff cannot convince the court that Ring is the alter ego of GDI or cannot establish that liability under § 523(a)(4) can be imposed on an alter ego theory as a matter of law, the court elects to simply deny the motion and proceed to trial.

Counsel for Ring shall submit an appropriate form of order which counsel for Plaintiff has approved as to form.

Dated: January 14, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2